IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| DAPHNE ANNE CARR, | ) | |
| | ) | Civil Action No. 7:14CV00393 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | |
| CAROLYN W. COLVIN, | ) | |
| Acting Commissioner of Social Security, | ) | By:   Hon. Glen E. Conrad |
| | ) | Chief United States District Judge |
| Defendant. | ) | |

Plaintiff has filed this action challenging the final decision of the Commissioner of Social

Security denying plaintiff's claims for disability insurance benefits and supplemental security income

benefits under the Social Security Act, as amended, 42 U.S.C. §§ 416(i) and 423, and 42 U.S.C. §

1381 et seq., respectively. Jurisdiction of this court is pursuant to 42 U.S.C. § 405(g) and 42 U.S.C.

§ 1383(c)(3). As reflected by the memoranda and argument submitted by the parties, the issues now

before the court are whether the Commissioner's final decision is supported by substantial evidence,

or whether there is "good cause" to necessitate remanding the case to the Commissioner for further

consideration. See 42 U.S.C. § 405(g).

The plaintiff, Daphne Anne Carr, was born on April 2, 1962, and eventually completed her

high school education. Ms. Carr also attended college for four years. Plaintiffs has worked as a

secretary/receptionist; cashier; waitress; caretaker; and mail order clerk. Apparently, she last worked

on a regular and sustained basis in 2007. On November 10, 2010, Ms. Carr filed applications for

disability insurance benefits and supplemental security income benefits. Plaintiff alleged that she

became disabled for all forms of substantial gainful employment on July 1, 2007, due to severe

depression disorder. Ms. Carr now maintains that she has remained disabled to the present time. As

to her application for disability insurance benefits, the record reveals that plaintiff met the insured status requirements of the Act through the fourth quarter of 2010, but not thereafter. See generally 42 U.S.C. §§ 416(i) and 423(a). Consequently, Ms. Carr is entitled to disability insurance benefits only if she has established that she became disabled for all forms of substantial gainful employment on or before December 31, 2010. See generally 42 U.S.C. § 423(a).

Plaintiff's claims were denied upon initial consideration and reconsideration. She then requested and received a de novo hearing and review before an Administrative Law Judge. In an opinion dated February 14, 2013, the Law Judge also determined that Ms. Carr is not disabled. The Law Judge found that plaintiff suffers from depression with anxiety and polysubstance abuse/dependence. The Law Judge ruled that because of her intolerance for stress, Ms. Carr is unable to perform her past relevant work activities. However, the Law Judge held that plaintiff retains the capacity to perform a variety of work roles at all exertional levels which do not involve exposure to stressful activities. The Law Judge assessed Ms. Carr's residual functional capacity as follows:

After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform a full range of work at all exertional levels but with the following nonexertional limitations: the claimant is capable of performing a low stress job, which means that she can understand, remember, and carry out only simple instructions and complete repetitive, unskilled tasks in a position that requires only occasional interaction with the public.

(TR 16-17). Given such a residual functional capacity, and after considering plaintiff's age, education, and prior work experience, as well as testimony from a vocational expert, the Law Judge determined that Ms. Carr retains sufficient functional capacity for a variety of work roles existing in significant number in the national economy. Accordingly, the Law Judge ultimately concluded

2

that Ms. Carr is not disabled, and that she is not entitled to benefits under either federal program.[1] See generally, 20 C.F.R. §§ 404.1520(g) and 416.920(g). The Law Judge's opinion was adopted as the final decision of the Commissioner by the Social Security Administration's Appeals Council. Having exhausted all available administrative remedies, Ms. Carr has now appealed to this court.

While plaintiff may be disabled for certain forms of employment, the crucial factual determination is whether plaintiff is disabled for all forms of substantial gainful employment. See 42 U.S.C. §§ 423(d)(2) and 1382c(a). There are four elements of proof which must be considered in making such an analysis. These elements are summarized as follows: (1) objective medical facts and clinical findings; (2) the opinions and conclusions of treating physicians; (3) subjective evidence of physical manifestations of impairments, as described through a claimant's testimony; and (4) the claimant's education, vocational history, residual skills, and age. Vitek v. Finch, 438 F.2d 1157, 1159-60 (4th Cir. 1971); Underwood v. Ribicoff, 298 F.2d 850, 851 (4th Cir. 1962).

After a review of the record in this case, the court is unable to conclude that the Commissioner's final decision is supported by substantial evidence. As summarized above, the Administrative Law Judge found that Ms. Carr suffers from a severe emotional impairment which renders her disabled for all of her past relevant work roles. In such a case in which the claimant establishes disability for past relevant work, the well-established rule is that the burden of going forward with the evidence shifts to the Commissioner to establish the availability of alternate work roles, which the claimant could be expected to perform, given her particular circumstances. Grant v. Schweiker, 699 F.2d 189, 192 (4th Cir. 1983); Taylor v. Weinberger, 512 F.2d 664, 666 (4th Cir.

---

[1] Because the Law Judge found that Ms. Carr retained sufficient functional capacity to perform a variety of work roles at all relevant times prior to the Law Judge's decision on February 14, 2013, the Law Judge did not find it necessary to differentiate as to plaintiff's capacity for work for the periods before and after termination of insured status.

3

1975). See also, 20 C.F.R. §§ 404.1560(c)(2) and 416.960(c)(2). In order to discharge this burden, the Commissioner often receives testimony from a vocational expert. Grant, 699 F.2d at 192. As reflected above, in the instant case, the Administrative Law Judge relied on testimony from a vocational expert in determining that Ms. Carr could be expected to perform alternate, nonstressful work roles existing in significant number in the national economy.

The record reveals that, at the time of the administrative hearing in this case on January 15, 2013, the Law Judge posed the following hypothetical question to the vocational expert:

Assume an individual such as the claimant who is able to perform at all exertional levels, but is limited to low-stress jobs, meaning she's able to understand, remember, carry out simple instructions, and repetitive, unskilled tasks, with occasional interactions with the general public.

(TR 67). In response, and after considering plaintiff's age, education, and prior work experience, the vocational expert testified that Ms. Carr could be expected to perform unskilled production work, primarily in the light exertional category. (TR 68). When presented with an additional hypothetical, which included a consultative psychologist's finding of "moderate limitations with respect to responding appropriately to usual work situations and change in the routine work setting," the vocational expert opined that plaintiff could be expected to perform the same unskilled production work. (TR 70-72). The Administrative Law Judge relied on the vocational expert's testimony in finding that Ms. Carr retains sufficient functional capacity to perform a variety of work roles existing in significant number in the national economy.

The difficulty in this case is that the hypothetical questions put to the vocational expert did not include all of the work-related limitations ultimately found to exist by the Administrative Law Judge in her opinion. In assessing the severity and manifestations of plaintiff's depressive disorder,

4

the Administrative Law Judge found that "[w]ith regard to concentration, persistence, or pace, the claimant has moderate difficulties." (TR 15-16). The court also notes that the state agency psychologist who reviewed plaintiff's case found that Ms. Carr experiences moderate limitations in her ability to maintain attention and concentration for extended periods, and moderate limitations in her ability to perform work activities within a schedule, maintain regular attendance, and be punctual within customary tolerances. (TR 105). The Law Judge did not include such findings in her assessment of plaintiff's residual functional capacity, or in her hypothetical questions to the vocational expert. Thus, while the vocational expert proposed "production-oriented work" for Ms. Carr, the vocational expert was not asked to consider the degree to which such work roles require concentration, persistence, regular production output, and attendance to task.

In Walker v. Bowen, 889 F.2d 47, 50 (4th Cir. 1989), the United States Court of Appeals for the Fourth Circuit commented as follows:

> The purpose of bringing in a vocational expert is to assist the ALJ in determining whether there is work available in the national economy which this particular claimant can perform. In order for a vocational expert's opinion to be relevant or helpful, it must be based upon a consideration of all other evidence in the record, and it must be in response to proper hypothetical questions which fairly set out all of claimant's impairments. (citations omitted).

In the instant case, the court is simply unable to conclude that the assessment offered by the vocational expert, which was adopted by the Administrative Law Judge, was based on all the work-related limitations which the Law Judge ultimately found to exist, and which were identified by the state agency psychologist. While Ms. Carr was ultimately found to be capable of work roles on a production line, jobs which seemingly require close attendance to task and satisfaction of daily quotas, the vocational expert was not asked to consider the interplay of moderate limitations in

5

concentration, persistence, pace, and punctuality. In such circumstances, the court believes that the Law Judge did not identify alternate work roles which properly take into account the particular manifestations of plaintiff's emotional disorder. Thus, the court finds "good cause" for remand of this case to the Commissioner for further development and consideration.

In her opinion, the Administrative Law Judge did not explain her decision not to include her findings of moderate limitations in concentration, persistence, and pace in her assessment of plaintiff's residual functional capacity. The court notes that the Commissioner sometimes argues that such moderate limitations are subsumed under a finding that a claimant is capable of performing only simple, routine, and repetitive tasks. The court believes that the same argument could be made as to the Administrative Law Judge's finding in the instant case of residual functional capacity for only low stress jobs. However, the court does not believe that the hypothetical question which assumed that plaintiff could perform low stress jobs, discharge simple instructions, and perform repetitive, unskilled tasks with only occasional interaction with the general public, fairly alerted the vocational expert to the existence of moderate limitations in plaintiff's concentration, job persistence, and attendance to task. Indeed, the court believes that such limitations would be especially critical for a production worker.

As noted by the United States Court of Appeals for the Tenth Circuit in Wiederholt v. Barnhart, 121 F. App'x 833, 839 (10th Cir. 2005):

> The relatively broad, unspecified nature of the description "simple" and "unskilled" does not adequately incorporate the ALJ's additional, more specific findings regarding Mrs. Wiederholt's mental impairments. Because the ALJ omitted, without explanation, impairments that he found to exist, such as moderate difficulties maintaining concentration, persistence, or pace, the resulting hypothetical question was flawed. Moreover, there is no evidence to suggest that the VE heard testimony or other evidence allowing her to make an individualized assessment that

6

incorporated the ALJ's specific additional findings about Mrs. Wiederholt's mental impairments. (citations omitted).

See also Millhouse v. Astrue, 2009 WL 763740, at \*3 (M.D. Fla. March 23, 2009) (stating that "moderate limitations in social functioning and concentration, persistence, or pace constitute greater restrictions than a limitation to unskilled work"); Chavanu v. Astrue, 2012 WL 4336205, at \*9 (M.D. Fla. September 21, 2012) ( noting that "[s]everal circuits have found that restricting [a] VE's inquiry to simple, routine, or repetitive tasks, or unskilled work does not accounts [sic] for a plaintiff's moderate deficiencies in concentration, persistence, or pace," and citing to these cases); and Sexton v. Colvin, 21 F.Supp.2d 639, 642-3 (W.D.Va. May 19, 2014) (a limitation to simple, unskilled work does not necessarily imply, or take into account, moderate limitations in concentration, persistence, or pace).

In Mascio v. Colvin, 780 F.3d 632, 638 (4th Cir. 2015) the United States Court of Appeals for the Fourth Circuit recently reached a similar conclusion:

> In addition, we agree with other circuits that an ALJ does not account 'for a claimant's limitations in concentration, persistence, and pace by restricting the hypothetical question to simple, routine, tasks or unskilled work.' Winschel v. Comm'r of Soc. Sec., 631 F.3d 1176, 1180 (11th Cir. 2011) (joining the Third,Seventh, and Eighth Circuits). As Mascio points out, the ability to perform simple tasks differs from the ability to stay on task. Only the latter limitation would account for a claimant's limitation in concentration, persistence, or pace.

Id. at 638.

In summary, the court concludes that the hypothetical questions posed by the Administrative Law Judge, excluding plaintiff's moderate limitations in concentration, persistence, or pace, are not consistent with the evidence of record. The court will remand this case for appropriate proceedings.

On appeal to this court, plaintiff maintains that the final decision of the Commissioner should be reversed, based on several other deficiencies in the Administrative Law Judge's opinion. Ms. Carr argues that the Law Judge erred in determining that the findings from the mental health specialists do not establish the existence of a listed impairment under the third step of the sequential disability evaluation.[2] However, based on the reports from the state agency psychologists, the court believes that there is evidence from which the Law Judge might reasonably conclude that Ms. Carr does not suffer from a listed impairment.

Plaintiff also contends that the Law Judge failed to give greater weight to the opinions of her treating psychiatrist, Dr. Justin White. However, the court finds that the Law Judge properly discounted Dr. White's assessment, and his forecast as to plaintiff's potential absenteeism while working. As to the severity of plaintiff's symptoms, the court believes that the Law Judge reasonably assessed the emotional manifestations identified by Dr. White in the context of those identified by the state agency psychologists and the consultative psychologist. Finally, the court must note that many of Dr. White's findings were made based on observations of plaintiff during periods in which she was not properly treated. Considering all the medical evidence of record, there is substantial reason to believe that Ms. Carr functions more effectively during those periods in which she receives appropriate medical intervention.

Finally, plaintiff asserts that the Administrative Law Judge's credibility findings are not supported by substantial evidence. As noted by the Law Judge, the assessment of credibility in this case is unusually difficult given the superimposition of the manifestations of plaintiff's drug

_____

[2] If a claimant suffers from a listed impairment under Appendix 1 to Subpart P of the Administrative Regulations Part 404, the claimant is deemed disabled without reference to factors such as age, education, and prior work experience. See 20 C.F.R. §§ 404.1520(d) and 416.920(d).

8

addiction. (TR 20). In any event, even assuming that the Law Judge's credibility findings are not supported by the record, the court believes that the appropriate remedy is to remand the case to the Law Judge for further consideration of these issues. Inasmuch as the court has determined to remand this case for other reasons, plaintiff will be permitted to make these arguments to a fact finder at the time of a supplemental administrative hearing.

For the reasons stated, the court finds "good cause" for remand of this case to the Commissioner for further consideration and development. If the Commissioner is unable to decide this case in plaintiff's favor on the basis of the existing record, the Commissioner will conduct a supplemental administrative hearing, at which both sides will be allowed to present additional evidence and argument. An appropriate order of remand will be entered this day.

The Clerk is directed to send certified copies of this opinion to all counsel of record.

DATED: This ___15th___ day of April, 2014.

Jun Conrad

Chief United States District Judge

9